OPINION
{¶ 1} Defendant-appellant Travis Daley appeals from his conviction and sentence, following a no-contest plea, for the Illegal Manufacture of Methamphetamine. Daley's assigned counsel has filed a brief pursuant to Anders v. California (1967),386 U.S. 738, indicating that counsel could find no assignments of error having arguable merit. By entry dated July 29, 2004, we informed Daley that his assigned counsel had filed an Anders
brief, and gave Daley 60 days within which to file his own, pro se brief. Daley has not filed a pro se brief.
 {¶ 2} This court has performed its independent duty, pursuant to Anders v. California, supra, to review the record to see whether there are any potential assignments of error having arguable merit. We find none.
 {¶ 3} Before his scheduled trial, Daley requested that his assigned trial counsel be removed, and that he be assigned new trial counsel. This motion was granted.
 {¶ 4} At the hearing at which Daley tendered his plea of no contest, he indicated that he was satisfied with his representation by his new trial counsel. During that hearing, the trial court's compliance with the requirements of Crim.R. 11 for the taking of the no-contest plea was exemplary. During the course of that hearing, the following colloquy occurred:
 {¶ 5} "THE COURT: Do you understand I'm not bound by any promises or representations made by anybody unless we put them on the record and I agree to go along with them?
 {¶ 6} "MR. DALEY: Yes sir."
 {¶ 7} As part of the plea negotiations, Daley and the State jointly recommended the imposition of the minimum sentence of two years for this offense.
 {¶ 8} At the sentencing hearing, and after having considered a pre-sentence investigation report, which is in the record that we have reviewed, the trial court imposed a sentence of three years. When Daley's counsel pointed out to the trial court that "our agreement with the State was for two years," the trial court responded: "THE COURT: Yes. I'm rejecting that because of his prior record. This is his third felony offense. I'm not bound by it and I don't think it's appropriate under the circumstances."
 {¶ 9} Previously, during the sentencing hearing, the trial court gave a thorough explanation of its reasons for imposing a three-year sentence, including a discussion of Daley's record of juvenile and adult offenses. We have reviewed Daley's pre-sentence investigation report, which contains a record of numerous juvenile and adult offenses. We find no arguable abuse of discretion in the trial court's decision not to follow the joint recommendation as to the sentence.
 {¶ 10} We agree with trial counsel that there are no potential assignments of error having arguable merit, and that Daley's appeal is wholly frivolous. Accordingly, the judgment of the trial court is affirmed.
Wolff and Grady, JJ., concur.